## WILLIAM C. PALMER *vs.* MAGGIE PALMER.

*Divorce—Serving of Process—Practice—Personal Service, on return of non est—Service in other Cases—Service Waived.*

1. Service of original process in divorce should be a personal service, and if such service cannot be made, the Sheriff should make a return of *non est*. In other cases, where personal service is not practicable, the return of "service waived" should be signed by the attorney for defendant.

(*June 3, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Harry P. Jocelyn* for libellant.

*Herbert L. Rice* for respondent.

Superior Court, New Castle County, May Term, 1903.

PETITION FOR DIVORCE (No. 91, May Term, 1903.)

In the above case it appeared on the back of the writ that service was accepted for the defendant by Herbert L. Rice, her attorney. Whereupon the Court made the following ruling :

LORE, C. J. :—It has been brought to our attention that attorneys have been in the habit of accepting service of original process for the defendant in a suit. We think this is a bad practice. In all divorce cases there ought to be personal service, and also in others when it is practicable. And where it is not practicable in other cases, the return of "service waived" should be signed by the attorney for defendant. In divorce cases the Sheriff should make personal service on the defendant; if he cannot do so he may make a return of *non est*.

*Mr. Jocelyn :*—As representing the Sheriff, I ask leave to amend the writ now, making the return of *non est.*

The Court so ordered and Mr. Rice entered an appearance for the defendant.